

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable P. W. Minter
County Attorney
Hebbronville, Texas

Dear Sir:

Opinion No. O-3569
Re: Definition of a butcher
under the purvue of Article
6904 and 6908, Revised
Civil Statutes of Texas.

This department is in receipt of your letter
of March 27, 1941, requesting an opinion upon the follow-
ing questions:

"A. B. owns and operates a retail grocery
store, and in connection therewith a retail
'meat market'. He does not comply with Arts.
6904 or 6908, R. C. S., nor with Arts. 1447 to
1454, P. C.; because he does not butcher or
slaughter animals himself, but purchases the
butchered carcass from C. D., who does comply
with the above cited Arts; and A. B. then cuts
up the carcass and retails it at his market.

"Under the above Statement of Facts No. 1,
is A. B. a 'butcher' or a 'slaughterer', within
the meaning of the above cited Articles, so as
to make it necessary for him to comply there-
with?"

Your second question is as follows:

"A. B. owns and operates a retail grocery
store, and in connection therewith a retail
'meat market'. He does not comply with Articles
6904 or 6908, R. C. S., nor with Articles 1447
to 1454, P. C., because he does not butcher or
slaughter animals himself, except as hereinafter
stated. E. F. owes A. B. an account of $30.00,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. P. W. Minter, Page 2

and has an animal which he is willing to deliver to A. B. in settlement of the account, and which A. B. is willing to accept in settlement of such account. In order to avoid having to comply with the above cited Articles and to simplify the operation of his business, A. B. then has C. D., from whom he usually purchases butchered carcasses for retail purposes in his market at an agreed price per pound, and who has complied with the above cited Articles, to go and purchase the animal from E. F. at the agreed price of $30.00 between A. B. & E. F.; after which C. D. then slaughters the animal and delivers the carcass to A. B. at the agreed price between them for butchered carcasses, less the $30.00 due by E. F. to A. B., for which A. B. gives E. F. credit in cancellation of his account.

"Under the above Statement of Facts No. II, is A. B. a 'butcher' or 'slaughterer' within the meaning of the above cited Articles so as to make it necessary for him to comply therewith?"

Article 6904, Revised Civil Statutes of Texas, reads as follows:

"Each person in this State engaged in the slaughter and sale of animals for market shall make a regular sworn report to each regular meeting of the commissioners court of the county, giving the number, color, age, marks and brands of every animal slaughtered by him since the last term of said court, to be filed with and kept on file by the county clerk. Each said report shall be accompanied by the bill of sale or written conveyance to the butcher for every animal that he has purchased for slaughter. If any of the animals slaughtered have been raised by himself it shall be so stated in the report. Said report so made to said court may in the discretion of said clerk be destroyed after a period of five years."

Article 6908, Revised Civil Statutes of Texas, reads as follows:

"Every person, before he shall set up and carry on the trade or occupation of a butcher or

Hon. P. W. Minter, Page 3

slaughterer of cattle in this State, shall file
a bond to be approved by the county judge of the
county in which he desires to carry on the busi-
ness, in a sum not less than two hundred nor more
than one thousand dollars, payable to the State
of Texas, conditioned that he shall keep a true
and faithful record in a book kept for that pur-
pose of all cattle purchased or slaughtered by him,
with a description of the animal including marks,
brands, age, color, weight, and from whom purchased
and the date thereof; that he will have the hide
and ear of such animal inspected by the inspector,
or some magistrate of the county, within twenty
days after it is slaughtered, and that he will not
purchase any cattle that has been slaughtered by
another unless the hide and ears of such slaughtered
animal accompany said animal offered for sale, and
that he will not purchase any animal that has been
slaughtered by another when the ear marks, or brands
on the hide accompanying such animal, when offered
for sale, have been changed, mutilated or destroyed.
Any butcher or slaughterer of cattle who shall vio-
late any condition of said bond may be sued upon
his bond at the instance of the county or district
attorney of the county where such bond is given.
All sums recovered by suits upon said bonds shall
be paid into the county treasury and become a part
of the available school fund of such county."

The construction of these same statutes was con-
sidered by this department in conference opinion No. 2017,
by Attorney General C. M. Cureton, dated April 2, 1919,
addressed to Honorable G. C. Jackson and appearing at page
856 of the published biennial report of the Attorney General
of Texas for the years 1918 - 1920. We are attaching here-
to a copy of this opinion which we believe correctly states
the law upon the question. The opinion, of course, refers
to Article 7179 Civil Statutes of the 1911 codification
which now appears as Article 6908 of the Revised Civil
Statutes of 1925.

Hon. P. W. Minter, Page 4

Applying the rule announced in the Cureton opinion to the fact situation which you have presented, it is our opinion that it is not necessary for A. B. to comply with the provisions of Articles 6904 and 6908, Revised Civil Statutes, 1925, or Articles 1447 to 1454, inclusive, Penal Code, 1925.

APPROVED APR 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

WRK:lh



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN